**GOLD KIST INC., Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF AGRICULTURE, et al., Defendants.**

Civ. A. No. C82–1378A.

United States District Court,
N.D. Georgia,
Atlanta Division.

Nov. 1, 1985.

Franklin R. Nix, Alston, Miller & Gaines, Atlanta, Ga., for plaintiff.

James E. Baker, U.S. Atty., Myles E. Eastwood, Asst. U.S. Atty., for defendants.

ORDER

ROBERT H. HALL, District Judge.

On May 13, 1983, this court upheld the U.S. Department of Agriculture's (the USDA's) imposition of civil money penalties against plaintiff, Gold Kist, Inc., relating to marketing and handling of peanuts. Among other things, the court determined that even though the marketing penalties assessed by the USDA were not specifically authorized by statute, the agency had the power to impose such penalties as a necessary concomitant of its power to regulate the conditions under which "additional" peanuts are handled. (*See* Order, pp. 5–11).

This determination was reversed on appeal, the Eleventh Circuit ruling that the USDA lacked the authority to impose the civil monetary penalties which it imposed against plaintiff because the statutory sections which plaintiff violated, 7 U.S.C. §§ 1359(h), (i), do not plainly impose a marketing penalty on parties who violate those sections. *Gold Kist, Inc. v. U.S. Department of Agriculture*, 741 F.2d 344 (11th Cir. Sept. 6, 1984).

The action was then remanded to this court for consideration of plaintiff's motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) (Supp.V.1981), if plaintiff submitted an application of such fees within 30 days of this court's order making the judgment of the Eleventh Circuit the order of this court. *Id.* at 349–50 (construing 28 U.S.C. § 2412(d)(1)(B)).

Plaintiff submitted a timely application for attorney's fees on April 10, 1985, within 30 days of this court's order of March 12, 1985, making the Eleventh Circuit's judgment the order of this court. Plaintiff alleges that the USDA's position in defending the imposition of monetary penalties against plaintiff was not substantially justi-

fied and that plaintiff, as the prevailing party, is entitled to $17,077.50 for attorney's fees in bringing this action. It is this application which is presently pending before the court.

The Equal Access to Justice Act controls the awarding of attorney's fees in this action, providing, in pertinent part, that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

The USDA opposes plaintiff's application for attorney's fees on the following grounds: (1) plaintiff has not proven that it is a "party" as that term is used in the EAJA; (2) plaintiff's fee request includes hours spent on issues on which it did not prevail; (3) the USDA's position was substantially justified; (4) there are "special circumstances" which would make a fee award unjust; and (5) the number of hours billed is unreasonable.

Without reaching the first, second, fourth or fifth arguments advanced by the government, the court DENIES plaintiff's fee application for the third reason asserted by the government. That is, the court finds that plaintiff is not entitled to attorney's fees because the government's position was substantially justified. As the Eleventh Circuit noted, there were two "conflicting lines of cases" relevant to the issue of the USDA's power to impose the penalties it did, 741 F.2d at 347, and the Eleventh Circuit's decision was intended "to resolve these conflicting lines of precedent...." *Id.* at 348. That the government chose to follow one line of cases was

reasonable given the lack of clear authority.

This order terminates this action.

So ORDERED, this 1 day of November, 1985.